UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS NELSON LANTRIP, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV1662 CDP |
| ) | |
| ELLIS MCSWAIN, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's response to the Show Cause Order issued on November 4, 2009. In the Show Cause Order, the Court found that the Mr. Lantrip's petition for writ of habeas corpus appeared to be barred by the limitations period in 28 U.S.C. § 2244(d) and ordered petitioner to show cause why the petition should not be dismissed as time-barred. Petitioner has responded by alleging that the limitations period should not have started until after his time for filing a state motion for post-conviction relief expired. Petitioner additionally asserts that he "has learning disabilities and no type of way able to assist in his defense." For the reasons set forth below, petitioner's arguments cannot suffice to toll the limitations period. As such, the Court will summarily dismiss the petition under Rule 4 of the Rules Governing § 2254 Proceedings.

Petitioner first argues that the one-year limitations period in 28 U.S.C. § 2244(d) did not start to run until his time for filing a post-conviction motion for relief pursuant to Mo.Sup.Ct.R. 24.035 expired. Specifically, petitioner asserts that because he did not file a direct appeal of his conviction, he had 180 days from the date he was received into custody by the Missouri Department of Corrections (April 16, 2007), to file his Rule 24.035 motion for post-conviction relief, and further, that it was on his 181st day of custody that the statute of limitations under § 2244 began to toll.

Petitioner misconstrues the law. Under 28 U.S.C. § 2244(d)(A), the one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's argument that the federal statute of limitations should be tolled during the period that he could have properly filed a state court petition for post-conviction relief is simply misplaced and has been rejected by the Eighth Circuit Court of Appeals on numerous occasions. See, e.g., Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001); Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 854 (8th Cir. 2003); Boston v. Weber, 525 F.3d 622, 625 (8th Cir. 2008). And while it is true that the statute of limitations set forth in § 2244 tolls while state post-conviction relief proceedings are pending, 28 U.S.C. § 22244(d)(2), state proceedings are not pending during the time between the end of direct review and the date an application for state

post conviction proceedings is filed. Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005). Moreover, neither petitioner's incorrect assumption regarding the proper start date for the statute of limitations nor his blanket assertion that he "has learning disabilities" can serve to equitably toll his petition.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling); Cross-Bey v. Gammon,

322 F.3d 1012, 1016 (8th Cir. 2003) (lack of understanding of the law does not justify equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by petitioner are not extraordinary. As a result, the petition is time-barred and will be dismissed.[1]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#1] is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th Day of January, 2010.

 /s/ Catherine D. Perry
 CATHERINE D. PERRY
 UNITED STATES DISTRICT JUDGE

---

[1] As stated in the Show Cause Order, the petition was filed approximately a year and a half after the limitations period expired.